```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                                                 :
         -v-                                                     :     23-cr-529 (LJL)
                                                                 :
                                                                 :     MEMORANDUM AND
EVANS ASAMOAH,                                                   :          ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/07/2025

LEWIS J. LIMAN, United States District Judge:

Defendant Evans Asamoah moves for modification of his termination of his term of supervised release to eliminate the last three months of home detention and the requirement of location monitoring.  Dkt. No. 40.  The United States Probation Office ("Probation") supports the request, but the United States Attorney opposes the motion.  Dkt. No. 42.  The motion is denied in part and granted in part.

The Court has authority, pursuant to 18 U.S.C. § 3583(e)(1) to terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice."  18 U.S.C. § 3583(e)(1); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances").  The Court is required to consider the factors in Section 3553(a) "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States v. Gonzalez*, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *Lussier*, 104 F.3d at 35).  The United States Sentencing Guidelines encourage courts "to exercise this authority in

appropriate cases." U.S.S.G. § 5D1.2, cmt. 5 (2024 manual). "Early termination 'is not warranted as a matter of course.'" *United States v. Wheeler*, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); *see United States v. Warren*, 2024 WL 497690, at *1 (S.D.N.Y. Feb. 8, 2024).

The Court denied Mr. Asamoah's prior request to eliminate the condition of home confinement without prejudice to renewal after Mr. Asamoah had served more of his term of home detention. Dkt. No. 39. The Court denied the request to serve the interests of deterrence and to ensure uniformity of sentences across defendants because "Mr. Asamoah committed a serious crime and it is, and was, important that a message be sent to others that if they engage in similar conduct, they will face serious repercussions above and beyond the repayment of the ill-gotten gains." *Id.* It would not have been consistent with those objectives for the Court to reduce Mr. Asamoah's term of home detention to six months.

The fact that Mr. Asamoah has now served nine rather than six months has not changed those views with respect to home detention. The Court sentenced Mr. Asamoah to home detention as a substitute to imprisonment and notwithstanding that the applicable Sentencing Guidelines range was 33 to 41 months of imprisonment. Mr. Asamoah argues that he has complied with the conditions of supervised release, maintained his employment, is dedicated to his family, and has a low risk of recidivism. Dkt. No. 40. But compliance with the terms of supervised release is what is expected of all supervisees, *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015), and the Court considered the other factors mentioned by Mr. Asamoah in sentencing him to home detention rather than to prison. Home detention permits Mr. Asamoah to continue to work and to spend time with his family. Given the nature of Mr. Asamoah's crime, it would disserve the interests of proportionality and deterrence to reduce his

term of home detention. In light of Mr. Asamoah's compliance, however, the Court will provide that location monitoring be only at the discretion of Probation and will eliminate the requirement that Probation use location monitoring to ensure Mr. Asamoah's compliance.

The motion for modification of sentencing conditions is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to the location monitoring condition and DENIED with respect to the duration of home detention.

The Clerk of Court is respectfully directed to close Dkt. No. 40.

SO ORDERED.

Dated: April 7, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge